IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIJAH IVERSON,** | : CIVIL ACTION NO. 1:24-CV-1594 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN SAGE,** | : |
| Respondent | : |

## **MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Elijah Iverson, argues that the United States Bureau of Prisons ("BOP") has improperly deemed him ineligible for time credits under the First Step Act ("FSA"). The petition will be denied.

**I.      Factual Background & Procedural History**

Iverson is serving a 180-month sentence of imprisonment imposed by the United States District Court for the Western District of New York for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B), possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(D), maintaining a drug-involved premise in violation of 21 U.S.C. § 856, possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g) and 18 U.S.C. § 924(a), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 5-2 at 1). He is currently housed in the Lewisburg Federal Prison Camp ("FPC-Lewisburg") in Lewisburg, Pennsylvania.

Iverson filed his petition for writ of habeas corpus on September 16, 2024, and it was received and docketed on September 20, 2024. (Doc. 1). Iverson asserts that the BOP has improperly deemed him ineligible for time credits under the FSA and seeks a writ of habeas corpus compelling the BOP to deem him eligible for time credits and apply such credits to his sentence. (Id.) The case was initially assigned to United States District Judge Christopher C. Conner. Respondent responded to the petition on October 17, 2024, arguing that the petition fails on its merits because Iverson is statutorily ineligible for time credits under the FSA. (Doc. 5). Iverson filed a reply brief on November 1, 2024, making the petition ripe for review. (Doc. 6). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement.

## II.  Discussion

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Inmates who have been convicted of certain enumerated offense are ineligible to receive credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D). Among other offenses, if a petitioner has been convicted of "unlawful possession or use of a

2

firearm during and in relation to any crime of violence or drug trafficking crime" in violation of 18 U.S.C. § 924(c), he is ineligible to receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Iverson is currently serving consecutive sentences for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and several other crimes. (See Doc. 5-2 at 1). Based on his Section 924(c) conviction, the BOP has deemed him ineligible for time credits under the FSA. Iverson contends that this is improper because his Section 924(c) is being served consecutively with his other sentences, and thus he should only be deemed ineligible to receive FSA time credits for the number of months for which he is serving a sentence for his Section 924(c) conviction. (Doc. 1). Respondent argues the BOP has properly deemed Iverson ineligible for FSA time credits because 18 U.S.C. § 3584(c) and case law in this district require consecutive sentences to be treated as a single aggregate term of imprisonment for purposes of the FSA. (Doc. 5 at 4-5). Iverson contends in reply that Section 3584 conflicts with Section 3632 and that there is no basis to conclude that Section 3584 controls Section 3632. (Doc. 6).

Respondent's reading is correct. Under Section 3584, "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). This language does not conflict with Section 3632(d)(4)(D), which provides that a prisoner "is ineligible to receive time credits under [the FSA] if the prisoner is serving a sentence for a conviction under any" of the crimes enumerated in the section. 18 U.S.C. § 3632(d)(4)(D). The two statutes can be applied without nullifying

3

the language of either: an inmate who is serving consecutive sentences for an offense enumerated in Section 3632(d)(4)(D) and other unenumerated offenses is "serving a sentence" for the enumerated offense, see 18 U.S.C. § 3632(d)(4)(D), and his consecutive sentences should be treated as a "single, aggregate term of imprisonment," see 18 U.S.C. § 3584(c).

Case law from this district and the United States Court of Appeals for the Third Circuit supports this conclusion. See, e.g., Teed v. Warden Allenwood FCI Low, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 17, 2023) (nonprecedential) (holding that consecutive sentences should be aggregated and treated as single sentence for purposes of determining FSA eligibility); see also Ulloa v. Cruz, No. 1:23-CV-776, 2024 WL 1117092, at *2-3 (M.D. Pa. Mar. 14, 2024) (reaching same conclusion and collecting cases); Hamrick v. Warden of FCI-Allenwood Low, No. 4:23-CV-657, 2023 WL 7413330, at *4 & n.44 (M.D. Pa. Nov. 9, 2023) (same); Goodman v. Sage, No. 4:22-CV-981, 2022 WL 18028148, at *3 & n.25 (M.D. Pa. Dec. 30, 2022) (same). The habeas petition will accordingly be denied because the BOP has correctly deemed Iverson ineligible for FSA credits.

### III.  Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ Keli M. Neary
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   March 6, 2025

4